IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BARTH V. BARTH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CHRISTIAN A. BARTH, APPELLEE,

V.

MINDI J. BARTH, NOW KNOWN AS MINDI J. BOETTCHER, APPELLANT.

Filed August 13, 2019.    No. A-18-1204.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

James H. Hoppe for appellant.

Shane M. Cochran, of Snyder, Hilliard & Cochran, L.L.O., for appellee.

RIEDMANN, BISHOP, and ARTERBURN, Judges.

RIEDMANN, Judge.

INTRODUCTION

Mindi J. Barth, now known as Mindi J. Boettcher, appeals the order of the district court for Lancaster County denying her complaint to modify the decree of dissolution entered by the district court for Lincoln County. The court found that she failed to demonstrate a material change of circumstances had occurred. We affirm.

BACKGROUND

Boettcher and Christian A. Barth were married in 2010. Their marriage was dissolved by a decree of dissolution (Decree) entered by the district court for Lincoln County in 2013. The parties had one minor son, Graham, born during the marriage. In the Decree, the court awarded Barth legal and physical custody of Graham. At the time of dissolution, Boettcher resided in Lincoln and Barth was a firefighter in North Platte, Nebraska. He worked a schedule consisting of 24 hours on duty, and 24 hours off duty for 10 days, and then had 6 consecutive off-duty days. The

- 1 -

court found that while Boettcher was a loving mother to Graham, she had a serious problem with alcohol use. It awarded Boettcher visitation with Graham every other weekend from Friday to Sunday. During the summer Boettcher was allotted 6 consecutive weeks of continuous visitation with Graham, and Barth was allowed visitation on every other weekend during this time. Boettcher was also ordered to pay $305 per month in child support. This court subsequently affirmed the district court's decree.

Boettcher filed her first complaint to modify the Decree in December 2014. She asserted that a material change in circumstances had occurred in that she had undergone her treatment for her psychological and substance use issues. The parties reached a settlement whereby the original custody and parenting order remained in effect, but the parties modified Boettcher's child support obligation. In May 2015, the district court issued an order indicating that the custody and parenting plan set forth in the Decree would remain in effect, and modified Boettcher's child support obligation.

In March 2016, Barth filed a complaint to modify the Decree, seeking to reduce Boettcher's parenting time to supervised visitation in light of multiple driving under the influence charges she received. In July, Boettcher filed a counterclaim seeking to modify the Decree due to Barth's relocation to Lincoln. The parties then reached an agreement to voluntarily dismiss their complaints. In March 2017, the court issued an order dismissing the complaint and the counterclaim.

In August 2017, Boettcher filed the present action, the third complaint for modification to be filed. Boettcher alleged that a material change in circumstances had occurred because (1) she had been sober for over a year and a half, (2) Barth had relocated to Lincoln and lived in the same community as her, (3) her employment was conducive to the care of Graham and was flexible to allow her to leave when necessary, and (4) the parties worked together over the previous 12 months to expand her parenting time to be nearly equal to that of Barth. Boettcher also alleged that it would be in Graham's best interests that the near equal parenting time continue. Barth requested that the district court deny Boettcher's complaint to modify and also filed a counterclaim seeking an increase in Boettcher's child support obligation. In October, the district court issued an order limiting the presentation of evidence in the action to events that occurred after March 27, 2017. The case was subsequently transferred to the district court for Lancaster County, and a trial was held in November 2018.

In opening statements, Barth's attorney referenced the Lincoln County District Court's order limiting the evidence to events occurring after March 27, 2017, and stated that no material change in circumstance occurred after that date. The parties then presented their evidence. Boettcher sought to prove that she had addressed her alcohol use. Her therapist testified that she began working with Boettcher in March 2016, and that Boettcher completed both inpatient and outpatient treatment for her alcohol use in May. Boettcher stated that she had not been intoxicated since February 2016.

Barth, called as a witness by Boettcher, testified that he was a firefighter and paramedic for Lincoln Fire and Rescue. Barth's work schedule consisted of working 24-hour shifts, from 7 a.m. to 7 a.m., every other day for 13 days. Barth then received 8 consecutive days off. Barth stated that Graham would stay with Barth's mother or sister while he was at work.

Boettcher testified that she was a training center coordinator at a hospital in Lincoln, and that she was able to make her own schedule to work around her personal life. Boettcher indicated that beginning in August 2016, she had expanded parenting time with Graham while Barth was at work. The expanded parenting time allowed her visitation from Thursday through Monday morning on the first weekend of Barth's 13-day work period, and Friday through Sunday the following weekend. Under this schedule Boettcher explained that she had six overnight visits with Graham in January 2017, 11 in February, 10 in March, 11 in April, 12 in May, 17 in June, 18 in July, and 13 in August. Boettcher asserted that Barth ended the expanded parenting time because he believed Boettcher would use it against him in court.

Barth testified that he moved from North Platte to Lincoln in December 2015. He further stated that his work schedule in Lincoln was very similar to what it had been in North Platte, except that in Lincoln he works 7 out of 13 days with 8 days off, and in North Platte he worked 5 out of 10 days with 6 days off. Barth testified that he granted Boettcher expanded parenting time from March until August 2017, but during the months of June, July, and August they followed the original Decree's summer parenting schedule, not the expanded parenting plan. Barth also explained that he ended the expanded parenting time because Graham would be more tired than usual, cranky, have worse behavior, and be less energetic when he would return from Boettcher's home. Barth's sister and Graham's baby sitter agreed that Graham's energy would be lower and behavior would be worse when he returned from Boettcher's. Barth requested the court deny Boettcher's complaint to modify the Decree.

In closing arguments, Boettcher's attorney argued that the parties entered into an agreement in March 2017 for Boettcher to receive extended parenting time and Barth violated that agreement. He questioned whether the parties should be bound by the Lincoln County District Court's October 2017 order limiting evidence to events subsequent to March 27, 2017. The basis for his argument was that Barth presented evidence of events that occurred before March 27, and therefore that was a violation of the court's order. Barth's attorney argued that he provided that information for historical purposes only and it did not constitute a violation of the order.

In the court's subsequent order, it stated that "[c]onsistent with the October 27, 2017 order, the court has only considered evidence from and after March 27, 2017, when considering [Boettcher's] complaint to modify." It concluded that Boettcher failed to meet her burden of proof to show that there had been a material change in circumstances to support a modification. It dismissed Boettcher's complaint to modify parenting time but increased Boettcher's child support obligation to $685 per month. Boettcher timely appealed the court's dismissal of her complaint to modify but did not appeal the court's order increasing her child support obligation.

ASSIGNMENTS OF ERROR

Boettcher assigns, restated, that the district court abused its discretion by failing to order joint custody or additional parenting time for her.

STANDARD OF REVIEW

Child custody determinations are matters initially trusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be

affirmed absent an abuse of discretion. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*. A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id*.

ANALYSIS

Boettcher asserts that the district court abused its discretion in failing to find a material change of circumstance had occurred. The district court determined that no material change in circumstance had occurred since March 27, 2017, the date set by the Lincoln County District Court in its October 27 order. We agree.

Prior to the modification of a child custody order, two steps must be taken by the party seeking modification. *Adams v. Adams*, 13 Neb. App. 276, 691 N.W.2d 541 (2005). First, the party seeking modification must show a material change in circumstances, occurring after the entry of the previous custody order and affecting the best interests of the children. *Id*. Next, the party seeking modification must prove that changing the custody is in the children's best interests. *Id*. A material change in circumstances means the occurrence of something which, had it been known at the time of the initial decree, would have persuaded the court to decree differently. *Schrag v. Spear*, *supra*.

We note that the Lincoln County District Court's order of October 27, 2017, is not contained in our record. Barth's attorney requested during closing arguments that the court take judicial notice of this order and the Lancaster County District Court agreed to do so. However, a copy of the order was not marked and received, nor is it contained in the transcript. We therefore do not know the basis upon which the court chose March 27 as the operative date, although we can surmise. Boettcher has not assigned that the court erred in limiting evidence to events that occurred after this date and because the order setting forth the basis for this date is not in our record, we can find no plain error. We therefore limit our review to whether the court abused its discretion in finding no material change in circumstances after March 27.

In her complaint to modify the custody arrangement, Boettcher alleged four material changes in circumstance which necessitated an increase in her parenting time: (1) she had been sober for over a year and a half, (2) Barth relocated to Lincoln, (3) Boettcher's employment was flexible and allowed her to care for Graham, and (4) the parties had worked together over the previous 12 months to increase her parenting time to near equal time as Barth. However, the record supports the district court's finding that a material change in circumstance had not occurred since March 27, 2017.

First, the record indicates that Boettcher's sobriety was not a material change in circumstance after March 27, 2017. Boettcher testified that she had not been intoxicated since February 2016. Further, Boettcher completed both inpatient and outpatient treatment for alcohol use in 2016. Moreover, in her first complaint to modify the Decree, filed in 2014, Boettcher alleged that she had addressed her substance abuse issue. Boettcher and Barth reached an agreement to dismiss that complaint which did not expand Boettcher's parenting time, and the court's order did

- 4 -

not change the custody agreement from the Decree. Therefore, the record reveals that Boettcher's sobriety was not a material change in circumstances that occurred after March 27, 2017.

The record also indicates that Barth relocated to Lincoln in 2015, and therefore, his move to Lincoln did not constitute a material change in circumstance after March 27, 2017. Likewise, the record indicates that Boettcher had worked for the same employer for nearly 5 years at the time of the modification trial. Accordingly, Boettcher's flexible employment does not constitute a material change in circumstances that occurred after March 27.

Finally, Boettcher's assertion that the parents had near equal parenting time over the previous 12 months does not constitute a material change in circumstance. The record indicates that Barth granted Boettcher additional parenting time while he was at work. We note that there is a discrepancy between the testimony of Boettcher, who stated that the additional parenting time began in August 2016, and Barth, who stated that it began in March 2017. Under Boettcher's testimony, the expanded parenting time would not be a material change in circumstance that occurred after March 27, 2017; under Barth's testimony, the expanded parenting time lasted only 3 months before the parties reverted to the summer parenting time set forth in the original Decree. Barth testified he believed the expanded time was detrimental to Graham and it did not continue.

In her appeal, Boettcher focuses primarily on the fact that it is in Graham's best interests for her to have additional parenting time. While she does assert that her sobriety and employment support a finding of a material change in circumstances, we iterated above that they do not. Additionally, Boettcher alleges that the court should have taken Barth's work schedule into consideration in modifying the parenting plan. However, Barth testified that not only has he worked the same schedule for the entire time he has resided in Lincoln, but his work schedule was substantially similar when he lived in North Platte. Therefore, his work schedule is not a material change in circumstances.

Upon our review of the record, the district court did not abuse its discretion in determining that Boettcher failed to demonstrate that a material change in circumstances had occurred after March 27, 2017. Because we find that a material change in circumstances did not occur, we do not consider whether modifying the parenting plan would be in Graham's best interests.

CONCLUSION

Boettcher failed to demonstrate that a material change in circumstance had occurred. We therefore affirm.

AFFIRMED.